IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEVEN M. GRIGGS, Register No. 22276-044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4215-CV-C-NKL |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Steven Griggs, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Pending before this court are defendants's motion to dismiss and motions of plaintiff Griggs to clarify, to postpone decision on motion to dismiss, for discovery, to submit an omitted exhibit, for hearing, to file declaration of Rhomas Mack, and to supplement his pleadings.

Plaintiff Griggs' motions to clarify, to submit an omitted exhibit, to file a declaration and to supplement will be granted.

Plaintiff Griggs' complaint challenges defendants' application of 25 U.S.C. § 305(e)(d), upon request of the Federal Indian Arts and Crafts Board, in its determination that the Indian tribe of which plaintiff is a member, the Northern American Cherokee of Missouri and Arkansas, is not an officially recognized Indian tribe by the State of Missouri for purposes of the Indian Arts and Crafts Act. Plaintiff alleges that the tribe is, in fact, officially recognized by the State of Missouri, and thus, defendants should have indicated accordingly in their response to the Federal Indian Arts and Crafts Board. Plaintiff, who is incarcerated in federal prison, attempts to bring this action on behalf of his entire tribe, stating he is a member and his father was at one time the Principal Chief. Plaintiff alleges that as a result of defendants' actions, the United States

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Department of Interior has advised his tribe that they cannot sell their arts and crafts as authentic "Indian," "Native American" or "Cherokee" goods.

Upon review of defendants' motion to dismiss, the additional filings of plaintiff Griggs and defendants in response, as well as this court's further review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915, this court finds that dismissal of plaintiff's complaint is proper.

Title 28 U.S.C. § 1915(e)(2) provides that "[n]ot withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case, at any time if the court determines that ... (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Upon review of plaintiff Griggs' complaint in further detail, this court finds that plaintiff does not have standing to bring this action. As jurisdictional requirement, standing can be raised by the court sua sponte at any time during litigation. Fed. R. Civ. P. 12(h)(3).

Article III of United States Constitution limits jurisdiction of federal courts to actual case and controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). Article III has three requirements for establishing standing to bring a case in federal court: (1) plaintiff must demonstrate he has suffered an injury in fact which is actual, concrete, and particularized; (2) plaintiff must show a causal connection between the conduct complained of and the injury; and (3) the plaintiff must establish that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). A party invoking federal jurisdiction must establish that he has met all the requirements for standing. Lujan, 504 U.S. at 561. The burden to show standing is not a mere pleading requirement, but rather is an indispensable part of the plaintiff's case. Id. Strict compliance with the jurisdictional standing requirement is mandatory. Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004).

Plaintiff Griggs, who is incarcerated in federal prison, makes no allegations that defendants' letter of March 15, 2000, to the Indian Arts and Crafts Board has prevented him from selling his own arts and crafts. Thus, plaintiff has failed to allege facts to demonstrate that he has suffered an actual injury in fact as a result of defendants' actions. Therefore, plaintiff has failed

to establish the first requirement of standing, and therefore, lacks standing to bring these claims in federal court.

To the extent plaintiff Griggs alleges he is bringing this action on behalf of his tribe, his complaint fails to make allegations to support that he is a proper person to bring these claims on behalf of the tribe. See Delorme v. United States, 354 F.3d at 810 (although plaintiff's complaint describes himself as representing the descendants of the Indian Tribe of Little Shell, no support for alleged standing as the representative for the tribal government). Plaintiff's association with the tribe merely as a member, and allegations that his father was at one time Principal Chief, are insufficient to bring claims on behalf of the tribe when plaintiff himself has suffered no injury in fact. Further, pro se representation of an Indian tribe is not typically allowed. Counsel is required for purposes of representing the interests of an entire tribe. See Cherokee of Lawrence County, Tennessee v. United States, 2006 WL 5668261 (Fed. Cl. Sept. 1, 2006) (nonattorney plaintiff did not have standing to bring civil action against the Government seeking judicial recognition for his Indian tribe). Moreover, plaintiff fails to demonstrate that the tribe he is attempting to represent has suffered an injury in fact. See Native American Arts, Inc. v. Speciality Merchandise Corp., 451 F. Supp. 2d 1080 (C.D. Cal. 2006) (Indian-owned arts and crafts organization failed to allege injury in fact because could not show loss of sales as required by Article III standing).

Because plaintiff Griggs has failed to make sufficient allegations which could support a finding that the first element required for standing has been met, this court need not address the subsequent second and third requirements for establishing standing. Plaintiff has failed to meet his burden of proving that he has standing under Article III to bring his claims against Missouri state employee defendants.

In light of this court's findings, as set forth above,

IT IS ORDERED that plaintiff Griggs' motions to postpone decision on the motion to dismiss, for discovery, and for hearing are denied, without prejudice. [19, 22, 26] It is further

ORDERED that plaintiff Griggs' motions to clarify, to submit an omitted exhibit, to file a declaration and to supplement are granted. [11, 24, 27, 28] It is further

RECOMMENDED that because plaintiff Griggs lacks standing to bring these claims in federal court, his complaint be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted. It is further

RECOMMENDED that defendants' motion to dismiss be denied, without prejudice, to reconsideration by the District Judge, if this recommendation for dismissal for lack of standing is not adopted. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4